[File No. 6858.]

SAX MOTOR COMPANY, a Corporation, Appellant, v. PAUL MANN, Respondent.

(10 NW(2d) 242)

Opinion filed June 4, 1943. Rehearing denied July 2, 1943.

*C. H. Starke,* for appellant.
*Simpson, Mackoff & Kellogg,* for respondent.

BURR, J. Plaintiff appeals from an adverse judgment and from an order denying a motion for judgment notwithstanding the verdict or for a new trial.

On May 23, 1940, Alex Barta was the owner of a Chevrolet sedan. On that day, he signed an order and conditional sale's contract for a new Studebaker car, together with equipment to be sold and delivered to him by the defendant for $895, and as consideration thereof, he delivered the Chevrolet car at the agreed price of $425, and gave his promissory note for $470, due September 23, 1940.

Barta claimed he was intoxicated at the time he signed the contract and did not know what he was doing, and about 10 A.M. of May 25, re-

turned the Studebaker to the defendant, demanding the return of the Chevrolet. The defendant refused to accept the Studebaker or to return the Chevrolet, and Barta left the Studebaker for the defendant near the front of the defendant's garage, and about 7 P.M., defendant took it into his garage. Barta explains his omission to demand the return of his note at this time, by saying he did not know he had given a note.

On July 18, 1940, defendant sold the Studebaker from his own garage to one Jablonski for $929.82, and received the full amount therefor later. He did not surrender to Barta the note that had been given him, and which remained unpaid. On May 27, 1940, Barta assigned to the plaintiff all his rights and claims against the defendant growing out of this transaction.

Plaintiff sets forth two causes of action. The first is predicated on the claim of Barta's intoxication at the time of the deal with the defendant; Barta's subsequent attempted rescission of the contract, which, if good, would have entitled him to the return of the Chevrolet; that the defendant accepted the return of the Studebaker but refused to return the Chevrolet; that this car was worth the value of $500 at that time, and that the plaintiff expended the sum of $100 in time and money in pursuit of the property.

The second cause of action alleges: the entering into the contract; the attempted rescission of the contract by Barta on the ground of fraud; the return of the Studebaker to the defendant; its acceptance by the defendant; the failure of the defendant to return the note and the Chevrolet; "that the plaintiff expended in time and money in the pursuit of said converted property the sum of $100;" and "that on or about the 18th day of July, 1940, the defendant then being in possession of said Studebaker, unlawfully sold and converted the same to his own use to the damage of the plaintiff in the sum of $895."

Plaintiff prays judgment on the first cause of action that the contract be declared void and canceled, that the promissory note be delivered up and canceled, "that the plaintiff have judgment against the defendant in the sum of $600." On the second cause of action, plaintiff prays damages against the defendant in the sum of $995.

The defendant admits Barta was the owner of the Chevrolet; that

Barta bought the Studebaker "at $895 with extra equipment," and that Barta delivered the Chevrolet as part payment for the Studebaker at the agreed price of $425, and that Barta "accepted, received, and removed the — Studebaker — from the premises of the defendant." The answer also alleges that Barta was not intoxicated at the time of entering into the contract, but entered into the deal freely and voluntarily; that sometime thereafter, Barta brought back the Studebaker, claiming to have changed his mind and desiring to trade back; that the defendant refused to give back the old car and "that said Alex Barta then left the demonstrator (Studebaker) on the floor of the defendant's sale's room, over and against the objection and protests of this defendant, and in spite of his refusal to accept the return thereof; that Alex Barta abandoned the Studebaker." The answer further alleges that several times thereafter he notified Barta the Studebaker was at the defendant's sale's room at the risk of Barta, and that Barta refused to pay the balance due upon the contract; and on June 26, 1940, brought suit against the defendant for the recovery of the Chevrolet, which action was thereafter dismissed and "that the defendant at several times and places subsequent to May 23d, 1940, and after the request of Alex Barta to trade back, offered to turn back the said Studebaker car; but that Alex Barta refused and rejected all such offers." As to the second cause of action, the defendant denies the same and "relates all of the matters set forth in this answer, to the first cause of action of plaintiff stated in this complaint."

The case was submitted to a jury who returned a verdict in favor of the defendant and judgment was entered thereon.

The question of the intoxication of Barta at the time of entering into the contract was submitted to the jury. The jury having found in favor of the defendant, the fact that Barta was not intoxicated at the time he entered into the contract so as to impair his faculties is established; and as this question of intoxication and the defendant taking advantage thereof is the sole ground for the allegation of the fraud, the verdict of the jury establishes that there was no fraud in the inception of the contract so far as this appeal is concerned.

The action brought by Barta against defendant in June, 1940, has no bearing on this case. For several weeks prior thereto the plaintiff

was the owner and holder of any claims against the defendant arising out of this transaction and therefore that suit settled no part of this controversy.

In the light of the verdict, the undisputed facts established in this case show that Barta bought the Studebaker with equipment for $820, which he paid by delivering the Chevrolet at the agreed value of $425, and gave his note for the remainder. The Chevrolet, therefore, belongs to the defendant; and the Studebaker, with its equipment belongs to Barta, subject to the amount due on the note. The record does not show what this term "equipment" included.

The answer of the defendant sets up no ground for the defendant taking and selling this Studebaker to Jablonski other than the claim that Barta "abandoned" the Studebaker. The second cause of action sets forth that "the defendant then being in possession of said Studebaker unlawfully sold and converted the same to his own use." The defendant admits selling it to Jablonski, and at the time of the trial Jablonski had paid in full in the sum of $929.82. Nothing is said about the sale of the "equipment" and we do not know what was the value of this property.

Much is said in the argument with reference to the terms of the contract, the contract having been introduced in evidence. There is nothing in the record to show that the defendant made any attempt to foreclose his contract, and he took no legal action to secure possession and title to the Studebaker. There is nothing in the record to show that he ever notified Barta of the exercise of any option granted him in the contract on or before the time he sold the Studebaker to Jablonski on the 18th of July, 1940; or that he ever declared the note due and payable. The note was not due by its terms until September following.

But the plaintiff is not entitled to judgment notwithstanding the verdict. In attempting to prove damages because of the conversion, it relied upon the sale to Jablonski and the amount received. The measure of damages for conversion of property, in the absence of a market value, is the reasonable value of the property converted at the time and place of the conversion. See Hellstrom v. First Guaranty Bank, 54 ND 322, 209 NW 379; Company "A" First Regiment v. Hughes, 53 ND 291, 205 NW 722.

According to the testimony of the defendant, up until the time he sold

the Studebaker to Jablonski, he held it for the use and benefit of Barta; and on the day of the sale, according to his testimony, offered to turn it back to Barta, which was refused by Barta relying upon his alleged rescission.

Upon the record we are agreed the plaintiff has shown it is entitled to recover some amount from the defendant and therefore is entitled to a new trial. The case is remanded to the district court with leave to each party to amend the pleadings. See Fuller v. Fried, 57 ND 824, 224 NW 668.

MORRIS, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.

BURKE, J. (concurring). I do not think that plaintiff in this action has, under the evidence, established the conversion of either the Chevrolet car or of the Studebaker car. No other basis for recovery is alleged in its complaint. The evidence adduced upon the trial of the case, however, discloses that it was defendant's obligation, after seizure of the Studebaker car because of a breach of the contract of sale and after selling the same at private sale, to pay over to the defaulting purchaser, or his assignee, whatever surplus he received over and above the amount actually due him according to the terms of the contract. This, the defendant has refused to do. For this reason I concur in the disposition the court has made of the case.